09-4449-cv
Albrecht, et al. v. The Wackenhut Corporation

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
<u>Chief Judge</u>,
ROGER J. MINER,
RICHARD C. WESLEY,
<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X

RODERICK ALBRECHT, et al.,

<u>Plaintiffs-Appellants</u>,

-v.-                                    09-4449-cv

THE WACKENHUT CORPORATION,

<u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANTS:    Joseph B. Rizzo, Gallo & Iacovangelo LLP, Rochester, NY.

1

**APPEARING FOR APPELLEE:** Robert A. LaBerge (Christa R. Cook, <u>on the brief</u>), Bond, Schoeneck & King, PLLC, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiffs-appellants are current and former security guards appealing from a judgment of the United States District Court for the Western District of New York (Telesca, <u>J.</u>), which dismissed their suit under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. (the "FLSA"). The district court granted summary judgment in favor of defendant-appellee The Wackenhut Corporation and denied Plaintiffs' cross-motion for partial summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The district court reasoned that the time spent arming up before a shift and arming down after a shift was non-compensable under the FLSA because (i) arming up is a preliminary activity (and arming down is a postliminary activity) under the Portal-to-Portal Act, 29 U.S.C. §§ 251 et seq., and (ii) in the alternative, the time spent arming up and down is de minimis. Following <u>de novo</u> review, <u>see</u> <u>Wright v. Goord</u>, 554 F.3d 255, 266 (2d Cir. 2009), we affirm on the ground that the time spent arming up and down is non-compensable as a de minimis principal activity.[1]

---

[1] To the extent that Plaintiffs include donning and doffing their uniforms and equipment as a component of arming up and down, we conclude that the donning and doffing in this case is non-compensable as a preliminary/ postliminary activity. <u>See</u> <u>Steiner v. Mitchell</u>, 350 U.S. 247, 248-49, 254 (1956) (distinguishing the non-compensable preliminary/postliminary activity of "changing clothes and showering under normal conditions," from the compensable activity of changing clothes and showering where workers who "make extensive use of dangerously caustic and toxic materials . . . are compelled by circumstances, including

On appeal, Plaintiffs rely chiefly on four employee affidavits submitted in the district court. These affidavits state that "the average time required to obtain ammunition, a gun belt, a radio pouch, a bandolier, a firearm, a vital key, and a radio, and to report to an assigned post," takes 8-15 minutes, 10-15 minutes, or 12-15 minutes. The critical inquiry, however, focuses more narrowly on the time spent obtaining/returning the firearm and radio. Assuming this is a principal activity, it is non-compensable (along with the immediately proximate activities) if obtaining/returning the firearm and radio is de minimis. See Reich v. N.Y. City Transit Auth., 45 F.3d 646, 652 (2d Cir. 1995) ("When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. . . . It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved." (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 692 (1946))); see also Singh v. City of N.Y., 524 F.3d 361, 371 n.8 (2d Cir. 2008) ("[A] de minimis principal activity does not trigger the continuous workday rule.").[2]

We conclude that the time spent obtaining/returning the firearm and radio is de minimis. The affidavits explain:

> The time required to obtain our required equipment varies depending upon a number of factors, for example, whether there is a line to obtain firearms and/or radios, whether a supervisor is present in the armory to distribute vital keys and firearms, whether there are radios available,

vital considerations of health [and] hygiene, to change clothes and to shower in facilities which state law requires their employer to provide"); see also 29 C.F.R. § 790.7(g) (classifying "changing clothes" as a preliminary/ postliminary activity).

[2] Of course, the time spent waiting in line to obtain the firearm is non-compensable irrespective of whether the time spent obtaining the firearm is de minimis. See IBP, Inc. v. Alvarez, 546 U.S. 21, 42 (2005) (holding that the Portal-to-Portal Act "excludes from the scope of the FLSA the time employees spend waiting to don the first piece of gear that marks the beginning of the continuous workday").

whether other radio traffic delays radio checks with BRAVO alarm station, and/or whether particular radio devices and/or accessories (i.e., two-wire systems or lapel microphones) are operating.

These affidavits do not contradict (i) the deposition testimony of certain Plaintiffs that obtaining the firearm and radio "could take," "would take," or "took" approximately 30-90 seconds, or (ii) the Reply Declaration of Christopher R. Hook, Wackenhut's Security Operations Supervisor at the Ginna facility, which explained that the "alleged radio issues or difficulties occur only infrequently and take only a matter of seconds to address; for example, dealing with radio traffic at the BRAVO alarm station would not take more than five seconds to address." Accordingly, Plaintiffs fail to present a genuine issue of material fact about the time spent obtaining/returning the firearm and radio. The 30-90 seconds spent engaging in this principal activity before and after each shift therefore is de minimis. We affirm the district court's ruling that the time spent obtaining/returning the firearm and radio is non-compensable. We further affirm the district court's conclusion that the time spent walking between the armory and an assigned post is non-compensable.

Finally, Plaintiffs forfeited their argument regarding the purported requirement to report to an assigned post 15 minutes before the start of a scheduled shift. The affidavits explain:

> [A]t all relevant times, up to approximately March, 2006, security personnel were required by Wackenhut to report to their assigned post fifteen (15) minutes prior to the commencement of their shift. For example, if a shift was to commence at 2:30 p.m., the security employee was required to report at 2:15 p.m. Security personnel were not, however, compensated until the actual commencement of the shift.

Such waiting may well be compensable. See Reich, 45 F.3d at 651 ("To be sure, on occasions, courts have found that compensable work can occur despite absence of exertion, where, for example, employees have been required to stand by and wait for the employer's benefit."). But here, the operative complaint did not allege Wackenhut's failure to

4

compensate for this time period.  The complaint explicitly references only "periods of time for arming up and checking through security and arming down."  The express reference to "checking through security" undermines any argument that arming up and down is a term so broad as to include all pre-shift and post-shift activities.  Plaintiffs' belated attempt to graft this waiting time onto the process of arming up and down therefore is precluded.

    We have considered all of Plaintiffs' contentions on this appeal and find them to be without merit.  Accordingly, we hereby **AFFIRM** the judgment of the district court.


                     FOR THE COURT:
                     CATHERINE O'HAGAN WOLFE, CLERK